IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES KING, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0945-M-BD |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a Rule 12(b)(6) motion to dismiss this civil action brought by plaintiffs arising out of foreclosure proceedings initiated against their property in Dallas, Texas.[1] Succinctly stated, plaintiffs allege that defendant breached the Deed of Trust contract by failing to make proper demands and provide proper notices, by refusing to accept their request for a loan modification, by rejecting attempts to cure any default, and by initiating foreclosure proceedings in violation of Texas law. In addition to their breach of contract claim, plaintiffs sue for anticipatory breach of contract, unreasonable collection efforts, gross negligence, negligent misrepresentation, and violations of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.001, *et seq.* Defendant now moves for dismissal on the grounds that plaintiffs have failed to state a claim upon which relief can be granted, and that their state law

---

[1] Plaintiffs originally filed this action in Texas state court. The case was timely removed to federal court on the basis of diversity of citizenship. (*See* Doc. #1).

claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1462, *et seq.*[2] The issues have been fully briefed by the parties, and the motion is ripe for determination.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id., quoting* FED. R. CIV. P. 8(a)(2).

Judged against this standard, the court determines that plaintiffs have failed to state a plausible claim for breach of contract. In their most recent complaint, plaintiffs allege that

---

[2] Because plaintiffs have failed to state a claim upon which relief can be granted, the court is not required to address the more difficult question of whether their state law claims are preempted by the HOLA -- an issue that has never been decided by the Fifth Circuit. *See, e.g. Hill v. Wells Fargo Bank, NA*, No. 4-11-CV-644-A, 2011 WL 5869730 at *2 n.3 (N.D. Tex. Nov. 17, 2011) (declining to address HOLA preemption argument where dismissal was proper on other grounds); *Hopkins v. Wells Fargo Bank, N.A.*, 3-10-CV-1857-D, 2011 WL 611664 at *3 n.5 (N.D. Tex. Feb. 18, 2011) (same).

defendant violated Section 51.002(d) of the Texas Property Code,[3] which purportedly is incorporated in and made part of the Deed of Trust contract, by failing to give notice of its intent to accelerate the Note, by not providing the amount necessary to reinstate the Note, and by initiating foreclosure proceedings without giving proper notice of default or sending a right-to-cure letter. (*See* Plf. 3d Am. Compl. at 5, ¶ 14). Plaintiffs also accuse defendant of purposely delaying and misleading them "to a point of foreclosure" by refusing to accommodate their efforts to bring the mortgage current, which allegedly violates the "requirement of good faith and fair dealing [that] is included in the performance of every contract." (*Id.* at 5, ¶ 15).

Under Texas law, which provides the rule of decision in this diversity case, a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant. *See Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-G-BD, 2011 WL 2516169 at *1 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011), *citing Case Corp. v. Hi-Class Business Sys. of America, Inc.*, 184 S.W.3d 760, 769-70 (Tex. App. -- Dallas 2005, pet. denied) ("A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform."). Here, plaintiffs base their contact claim on paragraphs 15 and 26 of the Deed of Trust. (Plf. 3d Am. Compl. at 5, ¶ 14). However, neither of those provisions obligates the lender to provide any notice or other information to the borrower in

---

[3] Section 51.002(d) provides, in pertinent part:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given[.]

TEX. PROP. CODE ANN. § 51.002(d) (Vernon Supp. 2009).

the event of a default. (*See id.*, Exh. A at 7, 9). Nor do paragraphs 15 and 26 incorporate or make any reference to Texas law. (*See id.*). Paragraph 15 states that the Deed of Trust and Note are "governed by and construed under *federal law* and *federal rules and regulations*[.]" (*See id.*, Exh. A at 7, ¶ 15). Paragraph 26 is a "due-on-sale" clause, which gives the lender the right to demand full payment of the balance due on the secured loan if the borrower sells or transfers his interest in the property without the lender's consent. (*See*, Exh. A at 9, ¶ 26). Thus, plaintiffs have failed to sufficiently allege that defendant breached any specific provision of the Deed of Trust contract.

Moreover, Texas law does not recognize a duty of good faith and fair dealing in transactions between a lender and borrower, absent a "special relationship [ ] marked by shared trust or an imbalance in bargaining power." *Coleman*, 2011 WL 2516169 at *1, *citing Chapa v. Chase Home Finance, L.L.C.*, No. C-10-359, 2010 WL 5186785 at *6 (S.D. Tex. Dec. 15, 2010); *see also Wilkerson v. Citimortgage, Inc.*, No. 3-11-CV-1393-O-BK, 2011 WL 6937382 at *3 (N.D. Tex. Oct. 24, 2011), *rec. adopted*, 2012 WL 11039 (N.D. Tex. Jan. 3, 2012), *citing Hall v. Resolution Trust Corp.*, 958 F.2d 75, 79 (5th Cir. 1992) (duty of good faith and fair dealing arising under Texas UCC does not apply to the lender-borrower relationship). Plaintiffs do not allege any facts in their complaint to suggest that they had a "special relationship" with defendant.

Plaintiffs also sue for anticipatory breach of contract. To prevail on such a claim, plaintiffs must establish: (1) an absolute repudiation of an obligation; (2) lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *See Swim v. Bank of America, N.A.*, No. 3-11-CV-1240-M, 2012 WL 170758 at *4 (N.D. Tex. Jan. 20, 2012), *citing Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004). "An anticipatory repudiation of a contract may be based on either words or actions by a party that indicate an intention not to perform the contract according to its

terms." *Id., citing Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App. -- Houston [14th Dist.] 1984, no writ). "The declaration of intent to abandon the obligation must be in positive and unconditional terms." *Id., citing Preston v. Love*, 240 S.W.2d 486, 487 (Tex. Civ. App. -- Austin 1951, no writ). Here, plaintiffs allege that defendant repudiated its obligations under the Deed of Trust by refusing to accept reinstatement payments, by failing to give plaintiffs an accurate reinstatement quote, and by failing to provide required notices of default and an opportunity to cure. (*See* Plf. 3d Am. Compl. at 6-7, ¶ 16). Even if true, these facts do not constitute words or actions by defendant that positively and unconditionally demonstrate an intent to abandon its obligations under the Deed of Trust. *See Swim*, 2012 WL 170758 at *5 (allegations that defendant refused to approve loan modification and attempted to accelerate mortgage note and foreclose without providing notices required by Deed of Trust did not state claim for anticipatory breach of contract). Nor do plaintiffs allege any facts to support their alternative theory that defendant waived its contractual right to accelerate and foreclose in the event of default. *See id.* at *3-4. Defendant is entitled to dismissal of these claims.

Likewise, plaintiffs have failed to plead sufficient facts to support a claim for unreasonable collection efforts. In their complaint, plaintiffs allege that:

> Defendant failed to give Plaintiffs a chance to reinstate or cure the default by failing to provide Plaintiffs with an amount due, refused payments, and instead demanded the entire amount of the loan. While all along, Defendant continued to assess late charges and penalties, improperly placed the property in foreclosure, and imposed numerous additional charges upon Plaintiff's mortgage loan account, thus using a deceptive means to collect a debt. By such actions and course of conduct, the Defendant has slandered Plaintiff's credit reputation, defamed their credit and exposed them to ridicule in the

> community, thereby causing them further economic damages. Additionally . . ., Plaintiffs have suffered extreme and severe mental anguish and emotional distress resulting in loss of income and mental suffering.

(Plf. 3d Am. Compl. at 11, ¶ 29). The tort of unreasonable collection efforts requires more than plaintiffs have alleged in their pleadings. It requires plaintiffs to plead facts that amount to "a course of harassment" by defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Burnette v. Wells Fargo Bank, N.A.*, No. 4-09-CV-370, 2011 WL 676955 at *6 (E.D. Tex. Jan. 27, 2011) (citing cases), *rec. adopted*, 2011 WL 675392 (E.D. Tex. Feb. 16, 2011). Plaintiffs' allegations do not approach that standard. *See Mejia v. BAC Home Loans Servicing, LP,* No. 3-11-CV-0541-N, 2011 WL 5252600 (N.D. Tex. Jul. 6, 2011), *rec. adopted*, 2011 WL 5248146 (N.D. Tex. Nov. 2, 2011) (dismissing claim for unreasonable collection efforts premised on substantially identical allegations); *Coleman*, 2011 WL 2516169 at *2 (same).

With respect to their gross negligence claim, plaintiffs have not alleged any facts giving rise to a legal duty on the part of defendant. *See Wilkerson*, 2011 WL 6937382 at *8 (dismissing gross negligence claim because lender did not owe duty of care to borrower separate from that contained in contract); *Fankhauser v. Fannie Mae*, No. 4-10-CV-274, 2011 WL 1630193 at *9 (E.D. Tex. Mar. 30, 2011), *rec. adopted*, 2011 WL 1630177 (E.D. Tex. Apr. 29, 2011) (same). Plaintiffs have failed to state a claim for negligent misrepresentation because they have not identified any specific representations by defendant, explained how such representations were false, or described how they relied on such representations. *See Biggers v. BAC Home Loans Servicing, L.P.*, 767 F.Supp.2d 725, 734-35 (N.D. Tex. 2011), *citing Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (generalized allegations of reliance are insufficient to support claim for negligent misrepresentation).

Finally, plaintiffs allege that defendant violated the TDCPA by representing that they could apply for a loan modification and then refusing to approve such a modification, by failing to provide an accurate reinstatement quote, by rejecting their attempts to bring the mortgage current, and by deceptively delaying plaintiffs to a point of foreclosure. (*See* Plf. 3d Am. Compl. at 9-10, ¶¶ 22-23). Like their other claims, plaintiffs do not identify any specific threats, prohibited actions, or false and deceptive statements by defendant that violate the TDCPA. Their vague and generalized allegations are insufficient to avoid dismissal under Rule 12(b)(6). *See Coleman*, 2011 WL 2516169 at *3 (general allegations that defendant misrepresented amount due on mortgage loan, wrongfully accelerated the loan and posted the property for foreclosure, imposed wrongful charges on mortgage account, and failed to properly credit payments held insufficient to state claim under TDCPA); *Wilkerson*, 2011 WL 6937382 at *5 (same).

## **RECOMMENDATION**

Defendant's motion to dismiss [Doc. #15] should be granted. This case should be dismissed with prejudice.[4]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[4] Ordinarily, the court would give plaintiffs an opportunity to amend their complaint in an attempt to cure the pleading defects identified by defendant. However, plaintiffs have amended their pleadings *three times*, once after defendant filed a Rule 12(b)(6) motion. (*See* Doc. #12). The court therefore determines that plaintiffs have pled their best case, and that further amendment will cause unnecessary delay. *See Malveaux v. Litton Loan Servicing*, No. 3-10-CV-2049-N-BD, 2011 WL 1211355 at *3 n.2 (N.D. Tex. Feb. 7, 2011), *rec. adopted*, 2011 WL 1211347 (N.D. Tex. Mar. 30, 2011) (citing cases).

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE