IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES KING, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0945-M-BD |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiffs have filed a motion for reconsideration and to vacate the final judgment dismissing their claims for breach of contract, anticipatory breach of contract, breach of the duty of good faith and fair dealing, unreasonable collection efforts, gross negligence, negligent misrepresentation, and violations of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.001. For the reasons stated herein, the motion should be denied.

A Rule 59(e) motion for reconsideration "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 125 S.Ct. 411 (2004), *quoting In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been raised before entry of the judgment. *Id., citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id., quoting Waltman*

*v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration of a judgment is "an extraordinary remedy that should be used sparingly." *Id.*

Plaintiffs first contend that the court erred in dismissing their breach of contract claim. In their complaint, plaintiffs alleged that defendant violated Section 51.002(d) of the Texas Property Code,[1] which purportedly is incorporated in and made part of the Deed of Trust contract, by failing to give notice of its intent to accelerate the Note, by not providing the amount necessary to reinstate the Note, and by initiating foreclosure proceedings without giving proper notice of default or sending a right-to-cure letter. (*See* Plf. 3d Am. Compl. at 5, ¶ 14). The court determined that plaintiffs failed to plead a viable breach of contract claim because, *inter alia*, neither paragraphs 15 or 26 of the Deed of Trust -- the only two provisions cited by plaintiffs in their brief -- makes any reference to Texas law. *See King v. Wells Fargo Bank, N.A.*, No. 3-11-CV-0945-M-BD, 2012 WL 1205163 at *2 (N.D. Tex. Mar. 20, 2012), *rec. adopted*, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012). Although plaintiffs urge that paragraph 15 provides that it is subject to "applicable law," such is not the case. Instead, paragraph 15, which is the basis of plaintiffs' breach of contract claim, reads:

> *This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations including those federally chartered savings institutions, called "Federal Law."* In the event that any of the terms or provisions of the Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or

---

[1] Section 51.002(d) provides, in pertinent part:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given[.]

TEX. PROP. CODE ANN. § 51.002(d) (Vernon Supp. 2009).

> unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

(Plf. 3d Am. Compl., Exh. A at 7, ¶ 15) (emphasis added). Paragraph 15 does not incorporate Section 51.002(d) of the Texas Property Code into the Deed of Trust. Thus, there is no basis to reconsider the dismissal of plaintiffs' breach of contract claim.

Plaintiffs also take issue with the dismissal of their claim for unreasonable collection efforts. Specifically, plaintiffs contend that the tort of unreasonable collection requires only negligent conduct, not "willful, wanton, [or] malicious" conduct by defendant "intended to inflict mental anguish and bodily harm." *See King*, 2012 WL 1205163 at *3 (citing cases). This argument is contrary to established legal precedent which holds that "[u]nreasonable collection is an intentional tort" under Texas law. *See Narvaez v. Wilshire Credit Corp.*, 757 F.Supp.2d 621, 635 (N.D. Tex. 2010) (Lynn, J.), *quoting EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857 (Tex. App. -- Dallas 2008, no pet.).

Similarly, plaintiffs have failed to establish any manifest error of law with respect to the dismissal of their claims for anticipatory breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, and violations of the TDCPA. In their motion for reconsideration, plaintiffs make substantially the same arguments they made in opposition to defendant's motion to dismiss. The court carefully considered those arguments and rejected them based on well-established precedent. *See King*, 2012 WL 1205163 at *2-3. There is no basis for reconsidering that ruling.

## RECOMMENDATION

Plaintiffs' motion for reconsideration [Doc. #40] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: May 18, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE