IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES KING, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0945-M-BD |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil action brought by plaintiffs arising out of foreclosure proceedings initiated against certain real property, defendant seeks $32,970.60 in attorneys' fees and $2,430.91 in expenses under the terms of the loan documents. Plaintiffs oppose the motion in its entirety and further argue that the amount of fees requested by defendant is excessive. The issues have been briefed by the parties, and the fee application is ripe for determination.

Under Texas law, which provides the rule of decision in this diversity case, fees and expenses incurred in prosecuting or defending a suit are not recoverable unless recovery is authorized by statute or contract. *See Hill v. Imperial Sav.*, 852 F.Supp. 1354, 1371 (W.D. Tex. 1992), *citing Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838 (Tex. App. -- Eastland 1984, no writ). Here, the Deed of Trust executed in connection in connection with the underlying loan transaction provides, in pertinent part:

> If . . . I do not keep my promises and agreements made in this Security Instrument, or . . . someone, including me, begins a legal proceeding that may significantly affect [defendant's] rights in the

> Property . . . then [defendant] may do and pay for whatever it deems reasonable or appropriate to protect [defendant's] rights in the Property. [Defendant's] actions may, without limitation, include appearing in court [and] paying reasonable attorneys' fees[.]
>
> * * * *
>
> I will pay to [defendant] any amounts which [defendant] advances under this Paragraph 7 with interest[.]

(Def. Mot. App. at 014, DOT at 5, ¶ 7). In addition, the Adjustable Rate Mortgage Note provides:

> [Defendant] will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(*Id.* at 005, Note at 4, ¶ 7(E)). The Fifth Circuit has held that similar language in loan documents entitles a lender to recover attorney's fees "reasonably and appropriately incurred" in protecting its rights under a Deed of Trust. *See In re Velazquez*, 660 F.3d 893, 899-900 (5th Cir. 2011).

To determine the amount of reasonable attorney's fees, the court calculates the "lodestar" fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly billing rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 116 S.Ct. 173 (1995). The party seeking attorney's fees is required to document the time spent and services performed. *See Hensley*, 103 S.Ct. at 1941; *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). The court must review the records and exclude all time that is excessive, duplicative, or inadequately documented. *See Hensley*, 103 S.Ct. at 1939; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). The hours that survive this vetting process are those reasonably expended on the litigation. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court then must determine

a reasonable hourly rate. "Where counsel requests compensation at his normal billing rate and that rate is shown to be within the range of market rates for attorneys of similar skill and experience, the burden is on the opposing party to show that a lower rate should be used." *United States v. Cornerstone Wealth Corp., Inc.*, No. 3-98-CV-0601-D, 2006 WL 1524592 at *2 (N.D. Tex. Jun. 2, 2006), *citing Islamic Center of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989); *see also Watkins*, 7 F.3d at 459 (court must articulate reasons for rejecting normal billing rate).

Once the court calculates the "lodestar" fee, the lodestar may be adjusted upward or downward depending on the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). These factors are: (1) the time and labor required for the case; (2) the novelty and difficulty of the issues involved; (3) the skill required to litigate the case; (4) the ability of the attorney to accept other work; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances of the case; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19; *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.), *cert. denied*, 114 S.Ct. 548 (1993). Of these factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

In support of its fee application, defendant relies exclusively on the Declaration of Robert T. Mowrey and 54 pages of billing invoices. These documents show that three different attorneys and two paralegals at the Locke Lord law firm performed a total of 133 hours of legal services at

rates ranging from $180 per hour to $564 per hour. (*See* Def. Mot. App. 26-31 & Supp. App. at 1-23). The bulk of this work was performed by Jennifer L. Kinney, an associate, who spent nearly 100 hours investigating the case, researching applicable law, drafting various pleadings, and conferring with other attorneys. Kinney's billing rate is $272 per hour, which is manifestly reasonable for an attorney of similar skill and experience. The court also notes that this lawsuit was vigorously prosecuted by plaintiffs, who were represented by counsel. Although the case was dismissed at the pleading stage, *see King v. Wells Fargo Bank, N.A.*, No. 3-11-CV-0945-M-BD, 2012 WL 1205163 (N.D. Tex. Mar. 20, 2012), *rec. adopted*, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012), plaintiffs obtained a temporary restraining order in state court before the case was removed to federal court, amended their pleadings three times, served more than 100 written discovery requests, and either objected to or sought reconsideration of virtually every order issued by the court. In a joint status report submitted by the parties,[1] plaintiffs have identified 98.75 hours of work performed by defense counsel, totaling $26,347.00, which allegedly is duplicative, redundant, excessive, or otherwise improper. (*See* Jt. Stat. Rep., Exhs. B & C). Subject to their other objections, plaintiffs do not contest 22 hours of work performed by counsel, totaling $5,960.00. (*See id.*, Exh. A).

Upon careful review of the written submissions of the parties, including the joint status report, and after giving due consideration to the relevant *Johnson* factors, the court determines that $20,000 is a reasonable and appropriate attorney's fee in this case. This sum represents approximately 73 hours of legal services performed at a billing rate of $272 per hour. Defendant makes no attempt to establish the reasonableness or necessity of the $2,430.91 in non-taxable costs

---

[1] After this motion was filed, the parties were ordered to confer in an attempt to reach agreement on a reasonable amount of attorney's fees and file a joint status report containing, *inter alia*, "an itemized list of the services performed, time spent, and hourly rates charged by counsel for defendant that are contested by plaintiffs." *See* Order, 5/16/12.

it seeks to recover from plaintiffs. The court therefore declines to award those costs. Moreover, because the sole basis for allowing the recovery of attorney's fees is the loan documents, only parties to the Note and Deed of Trust are liable for such fees. James H. King is the only plaintiff who signed the loan documents. Therefore, defendant may recover fees only from King.

**RECOMMENDATION**

Defendant's motion for attorneys' fees and costs [Doc. #36] should granted in part and denied in part. Plaintiff James H. King should be ordered to pay defendant the sum of $20,000.00.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 10, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE